OPINION OF THE COURT
Margaret Cammer, J.
This is a CPLR article 78 proceeding to review respondent’s denial of petitioner’s application for emergency assistance to pay rent arrears pursuant to Social Services Law § 350-j. The assistance applied for offers recipients a "one shot” grant to enable them to pay their rent arrears, but does not offer ongoing support.
It is well established that "the construction given statutes and regulations by the agency responsible for their administration, if not irrational or unreasonable, should be upheld.” (Matter of Bernstein v Toia, 43 NY2d 437 [1977].) This court’s review of respondent’s determination must be limited to whether the decision is supported by substantial evidence and *61 should only be overturned if found to be arbitrary and capricious. (Matter of Pell v Board of Educ., 34 NY2d 222 [1974].)
In October 1986, a final judgment against petitioner for nonpayment of rent was entered for $1,001.07 in favor of respondent landlord, Equity Investments. Pursuant to a stipulation entered into at that time, execution of the warrant of eviction was stayed to allow petitioner time to satisfy the judgment and, thus, avoid eviction. Unfortunately, petitioner then suffered a back injury and was unable to work for several months. At the same time, petitioner’s wife had to leave her job to care for her dying mother in the Caribbean. Petitioner did not pay the money owed and did not pay his rent in the months that followed. In January 1987, petitioner received a 72-hour notice of eviction and turned to the Department of Social Services (DSS) for emergency assistance. The request for assistance was denied. Petitioner now moves to compel DSS to grant the assistance request, arguing that the denial was arbitrary and capricious.
Respondent denied petitioner’s application on the grounds that: (a) no "emergency”, as defined by the Social Services Law, was shown to exist, (b) that petitioner’s rent is in excess of the maximum shelter allowance, and (c) because the family’s income exceeds the State-mandated amount for assistance applicants.
Previously, the amount of assistance for rent arrears available to applicants was limited to the public assistance maximum shelter allowance. Prior decisions (as those annexed to respondent’s opposition papers) held that if an applicant’s rent was higher than that maximum allowance, the applicant was not eligible for assistance unless he or she moved to quarters costing less than or equal to the allowance. However, according to a Human Resources Administration, Department of Income Maintenance interoffice memorandum dated January 1987, the regulations have been revised.
Under the new criteria, rent arrears, although in excess of the maximum shelter allowance, shall be paid for "one shot” emergency assistance applicants who meet the following pertinent criteria:
1. the rent owned may not exceed the amount due for a 12-month period and a payment of this nature must not have been made within the past 12 months;
2. the applicant must demonstrate an ability to pay the rent in the future;
*62 3. the applicant must have no available resources to meet the rent arrears.
In addition to the above criteria, the applicant must also meet the specific criteria of the public assistance program under which he or she is applying. Here, that program is the Emergency Assistance for Families program, which requires that: (a) an applicant have a child or children under age 18, residing in the house; (b) the applicant be in need of funds arising from a crisis beyond the applicant’s control; and (c) assistance be imperative to avoid destitution or danger to the health and safety of the family.
Petitioner claims to meet all of these criteria. Petitioner owes less than 12 months’ rent and, according to this affidavit, has never before received any public assistance. Petitioner states that he lives with his wife and three children, all of whom are under 18. Mr. Nelson claims that he is now back at the job he has held for 25 years, and that the family is once again able to pay their monthly rent. Petitioner’s affidavit states that he has no other available resources to make the payment and that if assistance is not obtained he and his family face homelessness. Finally, Mr. Nelson urges that the need for assistance arises out of a crisis beyond petitioner’s control, namely, his inability to work for a period of several months because of the injury and his wife’s absence as a result of her mother’s death.
Respondent has offered no evidence in dispute of petitioner’s claims that he was injured and unable to work, that the Nelsons are now able to pay future rents, or that no other resources are available to the Nelsons for the rent due. Respondent also does not dispute that the failure to provide assistance will cause the Nelsons to become destitute. Therefore, respondent’s denial of the application is not supported by substantial evidence. It is also contrary to respondent’s own directive.
Respondent contends that petitioner is not eligible for an emergency grant because eviction is an anticipated consequence of the failure to pay the rent and cannot be considered an emergency. Petitioner, however, did not ask for assistance when he fell behind in his rent. Assistance was applied for only when an unforeseen emergency prevented the Nelsons from meeting their obligations under the stipulation. If not for *63 Mr. Nelson’s injury and Ms. Nelson’s mother’s death, petitioner states that he would have fulfilled his agreement and paid the rent. Respondent has not shown any evidence that petitioner’s situation was not as claimed.
Although respondent’s interpretation of its regulations must be adhered to unless found to be irrational or unreasonable (Matter of Pell v Board of Educ., 34 NY2d 222, supra), in this instance, there is no rational basis upon which respondent could have made such an interpretation. Respondent repeatedly alleges that the family earns enough income to pay the rent. However, DSS does not, in any way, respond to the claim that because of a crisis beyond petitioner’s control, the income had stopped coming in.
Equally important, if left without housing, the Nelsons would be forced to seek emergency shelter, the economic and social cost of which to the city would be much greater than the assistance currently sought. In this light, to deny the Nelsons the benefits they seek cannot be considered rational. Respondent argues that its narrow interpretation of the regulation allows for a broader use of available funds. But if supplying emergency shelter costs more than what petitioner is seeking, then respondent’s argument is unreasonable. The revision of DSS policy regarding grants in excess of the maximum shelter allowance supports this conclusion. This policy revision has not been discussed by respondent in its moving papers.
Here is an opportunity for DSS to avoid the creation of yet another homeless family. DSS responds by claiming that there is no emergency here, and that only when the Nelsons become destitute can they help.
Accordingly, because petitioner meets all the stated criteria of eligibility for emergency assistance and respondent has failed to show that its denial of assistance is supported by substantial evidence, the petition is granted. Respondent is hereby ordered to pay to petitioner public assistance equaling six months of petitioner’s rent. This figure is based upon the rent due under the signed stipulation between the landlord and tenant of October 2, 1986 and the additional three months that petitioner was unable to work. Such payment shall be made within 15 days of the date of entry of this order.